IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                                                 CR No. 16-1701 JCH

AARON MERCADO-GRACIA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Aaron Mercado-Gracia's Motion to Compel Discovery (ECF No. 114). The Court, having considered the motion, briefs, arguments, and relevant law, concludes that the motion to compel should be denied.

**I.    BACKGROUND**

On March 25, 2016, New Mexico State Police ("NMSP") Officer Ronald Wood, stopped Defendant Mercado-Gracia for speeding. Mem. Op. and Order 3, ECF No. 107. In the course of the detention, Officer Wood deployed his drug detection dog on the exterior of the vehicle, which alerted to the vehicle, resulting in Officer Wood searching the interior of the vehicle and discovering heroin and a handgun therein. *Id.* at 3-12. The United States subsequently charged Defendant in a two-count Indictment (ECF No. 12) for Possession with Intent to Distribute 1 Kilogram and More of Heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possessing a Firearm in Furtherance of Such Crime under 18 U.S.C. § 924(c).

## II.     ANALYSIS

Defendant asserts that it is "apparent" Officer Wood may have obtained information regarding Mr. Mercado-Gracia before he seized him from NSA's secret surveillance of electronic communications, funneled to federal law enforcement agents. As support for this assertion, Defendant cites a 2013 newspaper article regarding the alleged secretive program and efforts agents used to cover up the program to investigate Americans. The only evidence Defendant provides to support a link to this case is that Officer Wood's dash camera showed three vehicles driving at the same high speed, but he only pulled over Mr. Mercado-Gracia. Defendant requests the production of (1) any source of information regarding any prior investigation of Mr. Mercado-Gracia conducted before the date of Mr. Mercado-Gracia's arrest; and (2) whether Officer Wood had any prior knowledge of Mr. Mercado-Gracia or of someone who otherwise met his description before Mr. Mercado-Gracia's arrest. Defendant asserts entitlement to the information under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963). The United States asserts that it inquired of Officer Wood regarding Defendant's request and he stated he had no background information about Defendant prior to the stop. United States' Resp. 2, ECF No. 117. Defendant did not file a reply.

Federal Rule of Criminal Procedure 16(a)(1)(E) provides that the government must disclose to the defendant, upon his request, papers and documents, "if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). The term "defense" means a defendant's response to the prosecution's case-in-chief, *i.e.*, an argument that

refutes the government's claims that the defendant committed the crime charged. *United States v. Armstrong*, 517 U.S. 456, 462 (1996).

A defendant must make a prima facie showing of materiality before he is entitled to obtain Rule 16 discovery. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* To show materiality under Rule 16(a)(1)(E), the evidence must "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993). This materiality requirement is not a heavy burden; rather, evidence is material as long as there is a strong indication it would enable the defendant to significantly alter the quantum of proof in his favor. *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996).

The Supreme Court held in *Brady* "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. To establish a *Brady* violation, the defendant must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense. *United States v. Beers*, 189 F.3d 1297, 1303 (10th Cir. 1999). *Brady* only requires disclosure of information in the government's possession or of which it has knowledge, whether actual or constructive. *Id.* at 1304. Impeachment evidence affecting a witness's credibility falls under *Brady* when the reliability of a given witness may be determinative of a defendant's guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

This Court held a hearing on Defendant's motion to suppress during which Officer Wood testified regarding the reasons for the stop of Defendant's vehicle. Officer Wood did not testify that he had prior knowledge concerning Mr. Mercado-Gracia or any suspect meeting his description that led him to stop Defendant's car. According to the Government, after receiving defense counsel's request for the information contained in the motion to compel, counsel for the Government specifically asked Officer Wood if he had any such information, and he denied having any background information about Defendant prior to the stop. The record thus indicates that the requested evidence is not in the possession of the Government.

Moreover, this Court's standing discovery order already requires the disclosure of *Brady* and *Giglio* material, and thus, a separate order compelling the disclosure of any evidence subject to *Brady* is not necessary. The Government should liberally construe its *Brady* and *Giglio* obligations when viewing the exculpatory and impeachment value of material in its possession. *See United States v. Johnson*, 581 F.3d 320, 331 (6th Cir. 2009) (explaining that the duty to disclose *Brady* material "extends to impeachment evidence, but only if the evidence is favorable to the accused in the sense that it would allow him to impeach government witnesses").

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (**ECF No. 114**) is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**