# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      CR No. 16-1701 JCH

AARON MERCADO-GRACIA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Opposed Motion to Compel Defendant to Provide Additional Fingerprints (ECF No. 127) and Opposed Motion to Reconsider Order Requiring *Daubert* Hearing as to Latent Fingerprint Evidence (ECF No. 128). This Court held a hearing on the motions on October 24, 2018. The Court, having considered the motions, briefs, arguments, evidence, applicable law, and otherwise being fully advised, will deny the Government's motion to reconsider its Order requiring a *Daubert* hearing as to Douglas Lloyd and will grant the Government's motion to compel Defendant to provide additional fingerprints.

## I. United States' Opposed Motion to Reconsider Order Requiring *Daubert* Hearing as to Latent Fingerprint Evidence (ECF No. 128)

As an initial matter, Defendant agreed at the status hearing that a *Daubert* hearing is no longer necessary for Thomas Handley, one of the United States' experts. Consequently, the Court will no longer require a pre-trial *Daubert* hearing regarding Mr. Handley's testimony.

As for Douglas Lloyd, Defendant argues a hearing is needed because the Government's notice and supplemental notice do not explain in detail how Mr. Lloyd used the ACE-V method in

this case or the method used by the second examiner. Defendant cites the President's Counsel of Advisors on Science Technology (September 2016) that states the dearth of empirical testing of fingerprint analyses, indicating a serious weakness in the culture of forensic science as to latent fingerprint analysis. Def.'s Resp. 2, ECF No. 133. Defendant argues the ACE-V process is subjective, does not guard against bias, and is not scientifically valid, citing the National Academy of Science (2009) and a paper by Haber and Haber, among others.

The Court finds that a *Daubert* hearing regarding the reliability and admissibility of Mr. Lloyd's testimony will be useful for the Court. The Court will continue, as scheduled, with the hearing on Monday, October 29, 2018, at 10:00 a.m.

## II. United States' Opposed Motion to Compel Defendant to Provide Additional Fingerprints (ECF No. 127)

On October 17, 2018, the United States filed its motion to compel, explaining that Deputy United States Marshal ("DUSM") Justin Villareal obtained Defendant's fingerprints as part of a routine booking process on April 12, 2016, but Deputy Marshal Villareal is scheduled for a medical procedure the week of trial. The United States proposes allowing Mr. Lloyd to print Defendant at 8:30 a.m. immediately prior to the scheduled *Daubert* hearing, as the process would take 20 minutes or less. The Government asserts this request would reduce the number of witnesses at trial, and that Mr. Lloyd's additional comparison of prints he took from Defendant's right thumb and right index finger would provide him added assurance that the prints are from Defendant. Alternatively, the Government requests that a DUSM take Defendant's prints prior to the scheduled *Daubert* hearing. Defendant is out of custody and lives in Arizona. At the status hearing, the Government stated that it requests the new prints regardless of whether DUSM Villareal is available to testify at trial.

Defendant opposes the motion, arguing that fingerprinting by a fingerprint card is not the

type of information available to the public and violates his Fourth Amendment right to privacy.

"[T]he compelled display of identifiable physical characteristics infringes no interest protected by the privilege against compulsory self-incrimination." *United States v. Dionisio*, 410 U.S. 1, 5-6 (1973) (holding that compelled production of voice exemplars did not violate Fifth Amendment). A person in lawful custody may be required to submit to photographing and fingerprinting as part of routine identification processes. *Smith v. United States*, 324 F.2d 879, 882 (D.C. Cir. 1963). *See also United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (explaining that suspect was not deprived of Fourth Amendment rights by forcibly having his prints taken). Compelling fingerprints following indictment is also permissible to identify a defendant. *See United States v. Garcia-Beltran*, 443 F.3d 1126, 1131 (9th Cir. 2006). Although suspicionless fingerprinting of all citizens would violate the Fourth Amendment, blanket fingerprinting of persons lawfully arrested or charged with a crime does not violate the Fourth Amendment because "probable cause had already supplied the basis for bringing the person within the criminal justice system." *United States v. Mitchell*, 652 F.3d 387, 411 (3d Cir. 2011).

The purpose of the second set of prints here is not for identification purposes but investigative ones. Courts have nevertheless ordered a defendant to produce fingerprints outside the routine booking process. *See*, *e.g.*, *United States v. Pakala*, 329 F.Supp.2d 178, 182 (D. Mass. 2004). In *Pakala*, the district court compelled the production of fingerprints after finding the Government established probable cause that one or both Defendant may have handled the firearms from which prints were taken. *See id.* at 180-81.

Similarly, in *United States v. Lovato*, the district court granted a motion to compel fingerprints and a DNA swab, even though the Government had exemplars, because the Government argued it needed additional prints to resolve expected evidentiary problems and

permit a more concise trial presentation. *See* 2018 WL 2008841, at *1 (D. Colo. April 30, 2018). The court noted that fingerprints and swabs constitute only a minimal intrusion, particularly when the defendant is already in custody, which must be balanced against the legitimate government interest in the investigation and prosecution of criminal acts. *Id.* at *2. The court further explained: "while the Government does not seek a search warrant, *per se*, the criminal complaint more than establishes probable cause sufficient to justify and make reasonable the minimal invasion represented by providing fingerprint and DNA exemplars." *Id.*

Based on the record before the Court, the Government has established probable cause to believe that Defendant's fingerprints might be found on the firearm in question. The minimal intrusion of submitting to fingerprinting is outweighed by the government interest in investigating crimes. The Court will grant the Government's motion to compel.

**IT IS THEREFORE ORDERED** that:

1. The United States' Opposed Motion to Compel Defendant to Provide Additional Fingerprints (**ECF No. 127**) is **GRANTED**.

2. The United States' Opposed Motion to Reconsider Order Requiring *Daubert* Hearing as to Latent Fingerprint Evidence (**ECF No. 128**) is **DENIED** as to Douglas Lloyd.

3. Defendant is **ORDERED** to produce his right index and right thumb print for fingerprinting to Douglas Lloyd at **8:30 a.m. on October 29, 2018, at the United States District Court for the District of New Mexico**.

_____
**UNITED STATES DISTRICT JUDGE**