**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                     CR No. 16-1701 JCH

AARON MERCADO-GRACIA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Indictment or in the Alternative, for a Bill of Particulars (ECF No. 160). Defendant moves to dismiss Count 1 of the indictment, charging him with conspiracy, for lack of specificity under Federal Rule of Criminal Procedure 7(c). Alternatively, Defendant seeks a bill of particulars setting forth information such as: how Defendant is alleged to have conspired with others, the identity of the other individuals and those with whom he directly allegedly conspired, the nature of the agreement, when the agreement was reached, all acts he and others made in furtherance of the conspiracy, and when and where meetings took place and who was present. The Government opposes the motion, arguing the motion is untimely and that the Superseding Indictment is sufficiently detailed to enable Defendant to prepare a defense. The Court, having considered the motion, briefs, the Superseding Indictment, the applicable law, and otherwise being fully advised, concludes that Defendant's motion should be denied.

An indictment is required to be "a plain, concise, and definite written statement of the

essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "'An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.'" *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). Setting forth the offense in the words of the statute is generally sufficient, provided that the elements of the offense are stated. *United States v. Bedonie*, 913 F.2d 782, 791 (10th Cir. 1990). An indictment does not need to allege the detailed factual proof that the government will rely upon to support the charges. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).

The purpose of a bill of particulars is to inform the defendant of the charges against him "with sufficient precision to allow him to prepare his defense." *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (internal quotation marks omitted). The district court has discretion whether to grant a motion for a bill of particulars. *Id.* at 166. A bill of particulars is not warranted if "'the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial.'" *Id.* at 167 (quoting *Dunn*, 841 F.2d at 1030). Emphasizing the distinction between "evidence" and "theory," the Tenth Circuit stated: "Since the defendant is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case, the district court [does] not abuse its discretion in denying defendant's motion for a bill of particulars where defendant has been served with a sufficient indictment." *Id.* (internal quotation marks omitted).

The elements of conspiracy, in turn, are (1) there was an agreement to violate the law; (2) the declarant knew the essential objective of the conspiracy; (3) the defendant knowingly and voluntarily took part in the conspiracy; and (4) the coconspirators were interdependent. *United*

*States v. Ailsworth*, 138 F.3d 843, 850 (10th Cir. 1998). *See also* Tenth Circuit Pattern Criminal Jury Instructions § 2.87. "In order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." *United States v. Shabani*, 513 U.S. 10, 15 (1994). Interdependence means the coconspirators were united in a common goal or purpose, "and if a defendant's activities facilitated the endeavors of another alleged coconspirator or facilitated the venture as a whole." *Ailsworth*, 138 F.3d at 851.

As an initial matter, Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits."  The Government argues that the Court should deny the motion because it is untimely. The Superseding Indictment was filed on November 28, 2018, and Defendant waived his appearance at the arraignment and entered a plea of not guilty on December 13, 2018. Defendant filed the motion for bill of particulars on January 28, 2019, after the 14-day period within which he may do so without permission of the court. Defendant did not seek permission of the Court before filing the motion. After considering the reasons given in his reply, the Court finds that Defendant failed to provide sufficient justification for the delay in not filing the motion by December 27, 2018, or seeking leave of court to file outside the time period. The Court thus finds the motion for bill of particulars is untimely and may be denied on that ground alone.

Furthermore, even considering the substance of the motion, the Court concludes that the motion should be denied. Count 1 tracks and cites the language of the conspiracy and possession with intent to distribute statutes. *Compare* Superseding Indictment, ECF No. 145, *with* 21 U.S.C. § 841 ("it shall be unlawful for any person knowingly or intentionally—(1) to … possess with intent to … distribute … a controlled substance"), *and* 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties

as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). Count 1 also contains a range of dates for the alleged criminal conduct – March 2, 2016, to March 25, 2016, states that the object of the conspiracy was the possession with intent to distribute 1 kilogram and more of heroin, and sets forth 44 overt acts, each detailing a specific date and conduct by Defendant on that date. The overt acts contain details, including specific phone numbers, locations, and communications. Defendant argues that he has a right to know what substance or money was allegedly delivered or picked up, to and by whom. To the extent that Defendant requests more detailed evidence in support of the allegations, Defendant is not entitled to such notice of evidence. *See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (stating that defendants are "not entitled to notice of all of the *evidence* the government intends to produce;" they are only entitled to notice of "the theory of the government's case"); *Levine*, 983 F.2d at 167. The Court concludes that the Superseding Indictment gives Defendant sufficient notice of the Government's theory of the case to prepare a defense. *Cf. United States v. Dunn*, 841 F.2d 1026, 1029-30 (10th Cir. 1988) (holding indictment sufficient and denying request for bill of particulars where indictment quoted language of conspiracy statute, included dates of illegal activity, the place, and the specific controlled substance).

Moreover, when discovery supplies the information necessary to allow the defendant to prepare his defense, a bill of particulars is not warranted. *Ivy*, 83 F.3d at 1282 (holding that discovery gave defendant tools necessary to prepare defense and rejecting conclusory allegations of prejudice). In this case, the Government provided Defendant with over 3,318 pages of discovery, including reports by law enforcement and 2,864 pages of phone data. The Government also set forth in detail in its "Amended Notice of Intention to Offer Evidence of Other Crimes or Bad Acts Pursuant to Rule 404(b)" (ECF No. 140) extensive detail of the evidence it intends to

present regarding the March 2-21, 2016 time period. Given the details in the Superseding Indictment, together with the voluminous discovery, Defendant has sufficient notice of the charges to allow him to prepare a defense.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment or in the Alternative, for a Bill of Particulars (**ECF No. 160**) is **DENIED**.


_____
**UNITED STATES DISTRICT JUDGE**