# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CR No. 16-1701 JCH

AARON MERCADO-GRACIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On February 26, 2019, the United States filed a Motion in Limine to Allow Transcripts Containing English Translations of Text Message Conversations in Spanish as Substantive Evidence (ECF No. 188). Defendant objects to the admission of the transcripts. The Court, having considered the motion, response, evidence, applicable law, and otherwise being fully advised, will permit the admission of transcripts of English translations of text message conversations in Spanish, subject to the proper foundation being established at trial.

Tenth Circuit Pattern Criminal Jury Instruction 1.40 informs the jury that transcripts of recorded conversations are not evidence; rather, the recorded conversations themselves are the evidence. The Comment to Tenth Circuit Pattern Criminal Jury Instruction 1.40 acknowledges that a court may admit transcripts to assist the trier of fact. Indeed, the Tenth Circuit has stated that the "admission of transcripts to assist the trier of fact lies within the discretion of the trial court." *United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995). When transcripts are admitted, the Tenth Circuit prefers a cautionary instruction regarding the use of the transcripts as an aid in understanding the sound recording. *Id.* at 1527 n.15.

Defendant objects to the Government's translator, Special Agent Jose Ramon Martinez, for the grounds set forth in his Response in Opposition to Government's Notice of Intention to Offer Expert Testimony (ECF No. 162). This Court, however, already has stated that the Government is likely to establish at trial the relevance and reliability necessary under *Daubert* regarding Special Agent Martinez's testimony. *See* Sealed Mem. Op. and Order 4, ECF No. 181. Moreover, there is a procedure for disputes as to translations: each party may produce its own version of the transcript or disputed portions. *See United States v. Curbelo*, 726 F.3d 1260, 1271 (11th Cir. 2013); *United States v. Devous*, 764 F.2d 1349, 1355 (10th Cir. 1985).

Defendant additionally argues that there is the danger of prejudice if the jury relies on the transcript instead of the testimony by the witnesses regarding the English translations. The Court finds, however, that English translations of Spanish text message conversations will assist the jury and not unfairly prejudice Defendant. Jury instructions can mitigate the concerns of Defendant. Accordingly, subject to the proper foundation being established at trial for the transcripts, the Court will permit the translations of text messages from Spanish to English to assist the jury. *See Devous*, 764 F.2d at 1354-55 ("Transcripts, like other evidence, must be properly authenticated before they can be admitted. Fed.R.Evid. 901(a) provides generally that: 'The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.'").

**IT IS THEREFORE ORDERED** that the United States' Motion in Limine to Allow Transcripts Containing English Translations of Text Message Conversations in Spanish as Substantive Evidence (**ECF No. 188**) is **GRANTED, subject to the proper foundation being established at trial**.

_____
**UNITED STATES DISTRICT JUDGE**