# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                CR No. 16-1701 JCH

AARON MERCADO-GRACIA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On March 3, 2019, the United States filed a Motion in Limine to Preclude Evidence about Quality of Government's Investigation (ECF No. 192). Defendant did not file a response and the time for filing a timely response has passed. The Court, having considered the motion, record, and the relevant law, will deny without prejudice the Government's motion because it is unripe and too broad.

The Government anticipates Defendant will argue to the jury that he is not guilty of the charged offenses because the United States did not use all investigative methods available to investigate other coconspirators, including Favian Reyes. The United States relies on *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998), in support. In *McVeigh*, the defendant argued the court erred in excluding his evidence of law enforcement reports that showed the government's investigation of the activities of another suspect group was shoddy. *Id.* The Tenth Circuit found that the defendant did not show that the quality of the government's investigation was material do his defense because "he failed to establish the requisite connection between the allegedly 'shoddy' and 'slanted' investigation and any evidence introduced at trial," and thus, to have permitted the

evidence that the government could have done something more to investigate the suspect group would have diverted the jury's attention from the trial issues. *Id.* The Tenth Circuit noted, however, that "the quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant." *Id.* (citing with approval *Lowenfield v. Phelps*, 817 F.2d 285, 291–92 (5th Cir.1987), for its holding that it was a reasonable trial strategy to attempt to argue that "sloppy police work" tainted the chain of custody for certain guns seized by police and "set the stage for an argument that others were implicated in the murders")).

The record at this stage is not sufficiently developed for the Court to make a pretrial ruling on the United States' motion. As the Government acknowledges, there are occasions in which the quality of an investigation may be relevant. The Court therefore cannot make a blanket, broad exclusion at this time prohibiting Defendant "from questioning witnesses or otherwise offering any evidence at trial about the quality of the government's pretrial investigation." United States' Mot. in Limine 1, ECF No. 192. This ruling does not prevent the Government from making objections at trial to specific questions or evidence that pertain to the quality of its investigation.

**IT IS THEREFORE ORDERED** that the United States' Motion in Limine to Preclude Evidence about Quality of Government's Investigation (**ECF No. 192**) is **DENIED WITHOUT PREJUDICE**.

_____
**UNITED STATES DISTRICT JUDGE**