# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                                                                                                      CR No. 16-1701 JCH

AARON MERCADO-GRACIA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On March 5, 2019, Defendant filed a Motion for Disclosure of *Brady* and *Giglio* Material (ECF No. 198). Defendant seeks disclosure of all *Brady* and *Giglio* material as it refers to the alleged coconspirator of Defendant, Favian Reyes, and he enumerates twelve categories of requested evidence. The United States opposes the motion because it asserts it has complied with its obligations and has no additional *Brady* and *Giglio* material to disclose.

The Supreme Court held in *Brady* "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. To establish a *Brady* violation, the defendant must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense. *United States v. Beers*, 189 F.3d 1297, 1303 (10th Cir. 1999). *Brady* only requires disclosure of information in the government's possession or of which it has knowledge, whether actual or constructive. *Id.* at 1304. Impeachment evidence affecting a witness's credibility falls under *Brady* when the reliability of a given witness may be determinative of a defendant's

guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

The Government has stated that it does not intend to call Mr. Reyes as a witness, so *Giglio* is not at issue. The United States has disclosed some material pertaining to Mr. Reyes on July 31, 2018, but it asserts that it has no *Giglio* or *Brady* materials to provide Defendant. As Defendant acknowledges, this Court's standing discovery order already requires the disclosure of *Brady* and *Giglio* material, and thus, a separate order compelling the disclosure of any evidence subject to *Brady* is not necessary. The Government should liberally construe its *Brady* and *Giglio* obligations when viewing the exculpatory and impeachment value of material in its possession. *See United States v. Johnson*, 581 F.3d 320, 331 (6th Cir. 2009) (explaining that the duty to disclose *Brady* material "extends to impeachment evidence, but only if the evidence is favorable to the accused in the sense that it would allow him to impeach government witnesses").

**IT IS THEREFORE ORDERED** that Defendant's Motion for Disclosure of *Brady* and *Giglio* Material (**ECF No. 198**) is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**