IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                     No. 16-cr-1701 JCH

AARON MARTIN MERCADO-GRACIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's post-conviction *Motion to Dismiss* (ECF No. 262) (Motion). A jury convicted Defendant of possession with intent to distribute 1 kilogram or more of heroin (21 U.S.C. § 841(b)(1)(A)); conspiracy (21 U.S.C. § 841(b)(1)(A)); and "carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of such crime" (18 U.S.C. § 924(c)). (Verdict, ECF No. 226). The Court sentenced him to 180 months imprisonment. (Judgment, ECF No. 237.) Defendant filed a direct appeal, and the Tenth Circuit affirmed his conviction and sentence. (*See* Mandate and Order, ECF No. 259.) The United States Supreme Court denied certiorari relief on March 21, 2022. (*See* Order, ECF No. 261.)

    Defendant filed the instant Motion on June 14, 2022. He asks the Court to dismiss Count 3 of the Superseding Indictment, *i.e.,* the firearm charge under § 924(c), and vacate his sentence. Defendant notes the verdict form states he is guilty of carrying a firearm, but there is no indication he used the weapon. Accordingly, Defendant alleges the Government failed to prove each element of the crime.

District courts do "not have inherent power to resentence defendants" or correct criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence [or judgment] … in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* There is no authority granting the District Court jurisdiction to dismiss one or more counts in an indictment once the judgment is entered. Defendant must challenge the sufficiency of the evidence supporting his § 924(c) conviction under 28 U.S.C. § 2255, which is the proper statutory vehicle for seeking relief at this stage. *See Hale v. Fox,* 829 F.3d 1162, 1165 (10th Cir. 2016) ("A § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal."); *United States v. Mata-Soto*, 861 Fed. App'x 251, 255 (10th Cir. 2021) (noting "the proper vehicle to raise … arguments" about the indictment and defendant's federal conviction "was a motion to vacate his conviction and sentence under 28 U.S.C. § 2255").

Defendant must file a response within thirty (30) days of entry of this Order if he consents to recharacterize the Motion under § 2255. Defendant is warned that if he pursues § 2255 relief now, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive'" habeas claims. *Castro v. United States*, 540 U.S. 375, 376 (2003) (requiring such warning before recharacterizing a criminal motion as a habeas petition). Defendant is further warned that his current argument regarding 18 U.S.C. § 924(c) does not appear to warrant habeas relief. Relief is available under 28 U.S.C. § 2255 where, inter alia, the conviction/sentence violates "the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendant alleges his conviction violates 18 U.S.C. § 924(c) because the Government did not prove he "used and carried" a firearm in furtherance of the drug crime. However, § 924(c) contains "alternative bases for conviction,"

meaning "evidence sufficient to establish either the 'use' or 'carry' prongs will support the conviction." *United States v. Jimenez-Hernandez*, 166 F.3d 349 (10th Cir. 1998).

If Defendant prefers to file an amended § 2255 motion, rather than recharacterizing the current Motion under § 2255, he may do within thirty (30) days of entry of this Order. *Castro*, 540 U.S. at 376 (*Castro* warning must include an opportunity to amend). The Clerk's Office will mail Defendant a blank § 2255 motion, with instructions. If Defendant does not wish to pursue habeas relief, he need not take further action. The failure to timely file either a response consenting to recharacterization of the Motion or an amended § 2255 motion will result in denial of the Motion without further notice. Finally, as to Defendant's letter-request for new counsel (Doc. 263), the Court will review his § 2255 claims (if any) before determining whether to appoint habeas counsel.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Defendant may file a response consenting to recharacterization of his Motion to Dismiss (Doc. 262) under 28 U.S.C. § 2255; or alternatively, file an amended § 2255 motion.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank § 2255 motion.

_____
SENIOR UNITED STATES DISTRICT JUDGE