IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.                                                                                                                                                CR. No. 16-1701 JCH

AARON MERCADO-GRACIA,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Aaron Mercado-Gracia's pro se *Letter/Motion for Reduction in Sentence Pursuant to Amendment 821* (ECF No. 272). Mr. Mercado-Gracia seeks a reduction in sentence "under the retroactive Amendment 821" based on his belief that he meets "each of the criteria under the United States [S]entencing Guideline for reduction of sentence." (*Id.*) He further believes a reduction is merited under the § 3553(a) factors, noting his "post-sentencing rehabilitation and BOP prison record." (*Id.*) After reviewing the pro se motion, the Federal Public Defender declined to file a motion on Defendant's behalf. (*See* Notice, ECF No. 273.) On August 9, 2024, the United States filed a response arguing that he is not eligible for a reduction, because "Defendant was sentenced to the statutory mandatory minimum of 180 months." (Gov.'s Resp. 1, ECF No. 274). Defendant did not file a reply. For the reasons stated herein, the Court will deny the motion.

## BACKGROUND

A jury found Defendant guilty of conspiracy to violate 21 U.S.C. § 841(b)(1)(A); possession with intent to distribute 1 kilogram and more of heroin in violation of 21 U.S.C. § 841(b)(1)(A); and carrying a firearm during and in relation to a drug trafficking crime and

possessing a firearm in furtherance of such crime in violation of 18 U.S.C. § 924(c). (*See* Verdict, ECF No. 227; Judgment 1-2, ECF No. 237.) The United States Probation Office provided a Presentence Report ("PSR") that assessed a criminal history score of zero and a criminal history category of I. (PSR 9, ECF No. 229.) Based on a total offense level of 30 and a criminal history category of I, the guideline range would have been 97 months to 121 months. (*Id.* at 14.) However, the Count 1 conviction carried a mandatory minimum term of imprisonment of 10 years. (*Id.* (citing 21 U.S.C. § 846 and § 841(b)(1)(A)).) Additionally, the minimum term of imprisonment for Count 2 was ten years. (*Id.* (citing 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)).). For Count 3, the minimum term of imprisonment was five years, which, according to 18 U.S.C. § 924(c), must be imposed consecutively to any other counts. (*Id.*) Consequently, the total guideline range was 180 to 181 months. (*Id.*) The Court sentenced Mr. Mercado-Gracia to 180 months imprisonment. (Judgment 3, ECF No. 237.)

## **APPLICABLE LAW**

A district court does not have inherent authority to modify a previously imposed sentence except in a few very limited circumstances. *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). As relevant here, a court may modify a sentence when expressly permitted by statute. *Mannie*, 971 F.3d at 1148. Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). Courts follow a two-step inquiry. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) (citing *Dillon*, 560 U.S. at 826-27). First, a court determines if a defendant is eligible

for a sentence reduction, consistent with applicable policy statements issued by the Sentencing Commission in § 1B1.10. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306. Second, a court considers whether the reduction is warranted under the factors set forth in § 3553(a) to the extent they are applicable. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306-07.

The Sentencing Commission amended the United States Sentencing Guidelines ("the Guidelines") effective November 1, 2023. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023). Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d) (pre-amendment). In Part A of Amendment 821, the Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *See* USSG § 4A1.1(e); 88 Fed. Reg. 28254-01 at 28270-73. For a defendant with six or fewer criminal history points, the Court may reduce the status points to zero. *United States v. Ortiz*, No. CR 14-1967 RB, 2024 WL 4119500, at *2 (D.N.M. Sept. 9, 2024) (citing § 4A1.1(e)). Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction under certain circumstances for offenders who present with zero criminal history points. USSG § 4C1.1(a). One of the necessary criteria for the reduction to apply is that the defendant "did not possess … a firearm … in connection with the offense." USSG § 4C1.1(a)(7). The Commission determined that the above changes may apply retroactively. 88 Fed. Reg. 28254-01 at 28254.

## **ANALYSIS**

The Government argues that the Court may not reduce Mr. Mercado-Gracia's sentence because his original sentence was based on a statutory mandatory minimum sentence, rather than on the Guidelines. The Court agrees.

Counts 1 and 2 each required a minimum term of imprisonment of 10 years (120 months), while Count 3 required a minimum term of imprisonment of 5 years (60 months) to be imposed consecutively to any other counts. Consequently, by statute, the crimes for which Mr. Mercado-Gracia was convicted required a minimum sentence of not less than 15 years (180 months). Because the Court sentenced Defendant to 180 months, the minimum statutory sentence allowed, he is not eligible for a sentence reduction under Amendment 821. *Cf. Koons v. United States*, 584 U.S. 700, 704 (2018) (holding that petitioners did not qualify for sentence reductions under § 3582(c)(2) because their sentences were based on the statutory mandatory minimums, rather than on the lowered guidelines ranges).[1]

**IT IS THEREFORE ORDERED** that Aaron Mercado-Gracia's *Motion for Reduction in Sentence pursuant to Amendment 821* (**ECF No. 272**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Alternatively, the Court finds Defendant does not qualify for the zero-point offender reduction due to USSG § 4C1.1(a)(7), which restricts the adjustment to those defendants who did not possess a firearm in connection with the offense. A jury found Defendant guilty of carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of such crime in violation of 18 U.S.C. § 924(c).